REGINA SUSSMAN, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF HYMAN SUSSMAN, DE-
CEASED, RESPONDENT, v. SAMUEL SUSSMAN, APPEL-
LANT.

REGINA SUSSMAN, GENERAL ADMINISTRATRIX OF THE
ESTATE OF HYMAN SUSSMAN, RESPONDENT, v. SAM-
UEL SUSSMAN, APPELLANT.

Submitted May 29, 1931—Decided October 19, 1931.

For the appellant, *McDermott, Enright & Carpenter* (*James
D. Carpenter, Jr.,* of counsel).

For the respondent, *Ward & McGinnis.*

The opinion of the court was delivered by

KAYS, J. These are appeals from two cases begun in the New Jersey Supreme Court against the same defendant. One by the administratrix *ad prosequendum* of the decedent and the other by the general administratrix of the decedent. The cases were tried before his Honor, William B. Mackay, Circuit Court judge, and a jury at the Passaic Circuit to whom they were referred for trial. The two cases were tried together on October 27th, 1930. Both of these suits arose out of the death of Hyman Sussman who was the husband of the administratrix. The first suit was brought under the Death act. The second suit was brought to recover compensation for the pain, suffering and loss of earnings of the decedent between the time of the accident and the time of his death and also to recover the expenses incurred by him on account of the accident, such as hospital and medical charges. The result of the trial was that the administratrix *ad prosequendum* recovered a judgment of $10,000 and the general administratrix recovered a judgment of $7,500. The evidence in the case disclosed that Hyman Sussman, while riding in the automobile of his brother, Samuel Sussman, the defendant, together with a friend named Abraham Glickman, between Providence, Rhode Island and Putman, Massachusetts, was injured in a collision between the automobile which the defendant was driving and a bus coming from the opposite direction. The accident occurred on a curve in the highway and the collision between the bus and the car of the defendant was head on. This took place on April 21st, 1927, and the decedent, Hyman Sussman, died from cancer on November 2d, 1928. The claim of the plaintiff in each case was that the cancer developed as a direct result of the injuries received in the abdomen of the decedent at the time of the collision.

The first ground for appeal is the refusal of the trial court to grant defendant's motion for nonsuit. This is based on the argument that there was no causal relation between the cancer of which Hyman Sussman died and the injuries sustained by him in the collision. This proposition is not

before us on the question of the weight of the evidence. If it were, the testimony as to the causal relationship may have been outweighed by the testimony offered to show that no such relationship existed. However, this is not a matter for our consideration. The only question before us in regard to such causal relation is whether there was any evidence of such causal connection from which the jury might find that such causal connection existed. The testimony of Dr. Joelson, the decedent's family physician, Dr. Wassing and Dr. Bender, who operated on the decedent for appendicitis and thereupon discovered the cancer, testified that such causal relation existed in this case. This being so, the motion for nonsuit was properly refused by the trial court.

The next point argued by counsel of defendant is that the evidence greatly preponderates in favor of the conclusion that the decedent, Hyman Sussman, was guilty of contributory negligence in riding in the car which was being driven by his brother at a rate of forty to fifty miles an hour. We cannot agree with counsel that this was negligence. It certainly did not show negligence as a matter of law which is the question now before us. Such a question would be for the jury to determine. There was plenty of evidence of the reckless driving by the defendant.. On the other hand the defendant stated that as he approached the curve where the accident happened he was going about thirty-five miles per hour and thereupon he slowed down his car so that he was going at a slower rate of speed than thirty-five miles an hour when he turned the curve where the accident occurred. The refusal of the trial judge to nonsuit on this ground was obviously most proper.

The third point argued by counsel for the defendant relates to the second case which was the suit brought by the general administratrix. The contention is that the trial court erred in refusing to charge the jury that a general administratrix could not recover any compensation for the expenses incurred in the treatment of the deceased for the cancerous condition or for any pain or suffering caused thereby. This request was properly refused. Whether the cancer was a direct re-

sult of the accident was a question for the jury to pass upon as before pointed out. If there was a causal relation between the accident and the cancer then the administratrix was entitled to recover the amount of the expenses incurred by the decedent during his lifetime in the treatment of that condition, and also was entitled to recover for the pain and suffering incident thereto.

The last point argued by defendant's counsel is that the court erred in permitting the jury in the suit of the general administratrix to include in their verdict any money expended by Mr. Katz, who was a brother-in-law of the decedent, for medical treatment of the latter. If the brother-in-law primarily paid such expenses he certainly was entitled to recover the amount from Hyman Sussman if he had continued to live, and the fact that he died did not change the obligation but entitled Mr. Katz to recover such sums from the estate of Hyman Sussman. This being so the administratrix was entitled to recover from the defendant the moneys which she was under a legal obligation to pay to her brother-in-law, Mr. Katz.

The judgment under review is therefore affirmed, with costs.

*For affirmance*—The Chief Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Daly, Donges, Van Buskirkk, Kays, Hetfield, Dear, Wells, JJ. 14.

*For reversal*—None.